# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

| | |
|---|---|
| WILLIAM PRIGMORE, )<br>)<br>**Plaintiff,**  )<br>v.                               )<br>)<br>FCI HAZELTON WARDEN )<br>S. BROWN, *et al.*, )<br>)<br>**Defendants.**  ) | Civil Action No. 5:22-00383 |

## ORDER TRANSFERRING CASE

On September 7, 2022, Plaintiff, acting *pro se*, filed a Complaint seeking relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) Plaintiff appeared to allege that he was subjected to excessive force during his incarceration at FCI Hazelton. (Id.) By Order entered on September 7, 2022, the undersigned directed Plaintiff, if he wished to proceed with a Bivens action concerning incidents occurring at FCI Hazleton, to file an Amended Complaint specifying the names of individual Defendant(s) and stating specific facts as to how each defendant violated his constitutional rights. (Document No. 2.) On September 22, 2022, Plaintiff filed his Amended Complaint naming the following as defendants: (1) FCI Hazelton Warden S. Brown; (2) Multiple unknown agents of the FBOP; and (3) Multiple contractors and outside visitors of the FBOP. (Document No. 4.) Plaintiff appears to allege that Defendants violated his Eighth Amendment rights. (Id.) Plaintiff first alleges that within days after his arrival at FCI Hazelton, he was subjected to excessive force while his hands were handcuffed behind his back. (Id.) Plaintiff states that he

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

was repeatedly beat and hit with a shield and then placed in "very tight restraints for over 24 hours." (Id.) Plaintiff further claims that he was then denied medical, dental, and mental health treatment. (Id.) Finally, Plaintiff alleges that he was raped by staff members at FCI Hazelton, including Warden S. Brown. (Id.)

In a Bivens claim, venue is established by 28 U.S.C. § 1391(b). See Simpson v. Federal Bureau of Prisons, 496 F.Supp.2d 187, 193 (D.D.C. 2007)(citing Stafford v. Briggs, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980)). Section 1391(b) provides as follows:

> (b)  A civil action may be brought in:
>
>> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>>
>> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district which any defendant is subject to the court's personal jurisdiction with respect to such action.

Accordingly, Plaintiff's Bivens action may be heard in a venue where all defendants reside, or in the venue where the issue substantially arose.

Upon initial screening, Plaintiff appears to be primarily challenging events that are occurring during his confinement at FCI Hazelton, which is located in Bruceton Mills, West Virginia. Thus, "a substantial part of the events or omissions giving rise to the claim" occurred in Bruceton Mills, West Virginia, which is located within the Northern District of West Virginia.[2] Further, there is no indication that any of the named defendants reside in this District. Accordingly, the United States District Court for the Northern District of West Virginia, is a proper venue with

---

[2] The undersigned notes that this Court has neither made a determination concerning the merits of Plaintiff's Complaint, nor has the Court ordered a response from Defendants.

jurisdiction over Plaintiff's claims. See 28 U.S.C. § 1402(b). Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Pursuant to 28 U.S.C. § 1404(a) and in the interest of justice, this matter is hereby **TRANSFERRED** to the United States District Court for the Northern District of West Virginia, Clarksburg Division, for further consideration. The Clerk is directed to transmit Plaintiff's file to the Clerk of Courts at the United States District Court for the Northern District of West Virginia.

Plaintiff is hereby advised that this matter will be assigned a new case number and will be assigned to a new judicial officer by the Clerk's Office for the United States District Court for the Northern District of West Virginia. The Clerk is directed to mail a copy of this Order to Plaintiff.

ENTER: September 29, 2022.

Omar J. Aboulhosn
United States Magistrate Judge